IN THE DISTRICT COURT IN AND FOR WAGONER COUNTY
STATE OF OKLAHOMA

WAGONER COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT

MAR 2 1 2022

JAMES E. HIGHT
COURT CLERK

NATASHA D. WEBSTER, an individual,

Plaintiff,

v.

YOCHAM TRUCKING, INC., an Oklahoma Corporation; and DONNIE RAY HOLMES, an Individual,

Defendants.

Case No. CJ-2022-0056

Jury Trial: ___ Yes  ✖ No

## PETITION

**COMES NOW** the Plaintiff, NATASHA WEBSTER, by and through *Pro Se*, and for her cause of action against the Defendants, Yocham Trucking, Inc. ("Yocham Trucking") and DONNIE RAY HOLMES ("Holmes"), states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen of the State of Georgia and resides in Columbia County, Georgia.

2. Defendant Yocham Trucking is an Oklahoma corporation doing business in the State of Oklahoma with its principal place of business located in Wagoner County, Oklahoma.

3. Upon information and belief to be confirmed through discovery, Defendant Holmes is a citizen of the State of Oklahoma residing in Wagoner County, Oklahoma.

4. This Court has jurisdiction and venue is proper in Wagoner County, Oklahoma pursuant to 12 O. S. §141 because service of summons can be obtained upon Defendant Yocham Trucking in Wagoner County.

## FACTUAL ALLEGATIONS

5. Paragraphs 1 through 4 are incorporated herein by reference.

6. On the morning of March 25, 2020, Plaintiff was traveling home to Georgia in her 2014 Nissan Rogue.

7. At approximately 11:15 a.m. on March 25, 2020, Plaintiff was traveling eastbound on Oklahoma I-40 towards mile marker 311 in Sallisaw, OK.

8. As Plaintiff was on her way home, DONNIE RAY HOLMES, a statutory employee of Defendant Yocham Trucking was also traveling eastbound on I-40, driving a dump truck, GVWR of 26,000+ pounds.

9. As Plaintiff was approaching mile marker 311 on I-40 eastbound in her vehicle Defendant Holmes slowed down and put on his right turn signal to exit the highway to the right grass shoulder.

10. Defendant Holmes then came to a complete stop in his dump truck in the right shoulder completely off of the highway pavement.

11. Plaintiff observed this complete stop for several moments before continuing the highway and seeing no indication of further movement.

12. Plaintiff was suddenly stuck on the front passenger side of her vehicle and subsequently slammed into a concrete barrier on the front driver side of her vehicle by the dump truck being operated by Defendant Holmes.

13. Immediately after impact, Defendant Holmes continued operating his vehicle subsequently dragging the Plaintiff several feet until he reached his destination at the center median of a construction zone.

14. Upon entering his destination at the center median and in the midst of exiting his vehicle, Defendant Holmes suddenly put on his left turn signal once he visually observed the accident at issue and yelled, "I had my signal on!" to the Plaintiff.

15. As a result of the impact of being hit by Defendant Holmes, Plaintiff was t-boned and suffered severe injuries to include a herniated disc, severe and debilitating lower back pain, myalgia, cervicalgia, spinal stenosis, anxiety, depression and PTSD in which she is continuing to receive treatment for and is pending spine surgery.

16. Furthermore, while under the direct care of a treating physician addressing the March 25, 2020 injuries, the Plaintiff was sexually assaulted further damaging her physical and mental well-being as she did not and would not have required such treatment if it weren't for the actions and negligence of the Defendant(s).

17. Due to previous attempts to negotiate a reasonable settle for this accident at issue outside of the court, Plaintiff suffered ongoing harassment, intimidation, coercion and stalking by the Defendant's insurance representatives at Northern American Risk Services thus causing the defendant additional mental and physical anguish and to fear for her safety.

18. At the time of the accident at issue, Defendant Yocham Trucking was an authorized motor carrier operating pursuant to the Federal Motor Carrier Safety Regulations ("FMCSR"), 49 C.F.R. parts 350-399.

19. Upon information and belief to be confirmed through discovery, at the time of the accident at issue, Defendant Holmes, statutory employee of Defendant Yocham Trucking, had been engaged in a pattern and practice of operating heavy commercial motor vehicles in contravention of both state and federal laws.

20. Upon information and belief to be confirmed through discovery, immediately following the accident at issue, Defendant Yocham Trucking is party to multiple similar issues filed in Muskogee County, Wagoner and Rogers County district courts in and for Oklahoma.

21. Upon information and belief to be confirmed through discovery, Defendant Holmes appeared in Sequoyah County, OK was charged with 1 count of "Improper Movement to Right or Left" filed March 27, 2020, in relation to the accident at issue.

## CAUSES OF ACTION

### COUNT I. Negligence/Negligence *per se*

22. Paragraphs 1 through 21 are incorporated herein by reference.

23. Defendant Holmes, as an employee and/or agent of Defendant Yocham Trucking, owed a duty to Plaintiff, and all other drivers on the road, to operate the commercial vehicle under his control in a safe and reasonable manner, using ordinary care to prevent injury to other persons and to keep a lookout consistent with the safety of other vehicles.

24. By failing to operate the vehicle in such a way, and by acting recklessly with complete disregard for the health and well-being of Plaintiff and all other drivers on the road, Mr. Holmes breached the duty owed.

25. Defendant Holmes's breach was the actual and proximate cause of Plaintiff's injuries.

26. At the time of the March 25, 2020, crash, Defendant Holmes was acting in the scope and course of his employment with Defendant Yocham Trucking. Consequently, Defendant Yocham Trucking is vicariously liable for Defendant Holmes's acts and omissions under the legal theory of *respondeat superior*, and is thus liable for the damages as set forth herein.

27. Additionally, at the time of March 25, 2020, crash, the vehicle driven by Defendant Holmes was controlled and operated at the direction of Defendant Yocham Trucking.

28. Furthermore, at the time of the incident alleged herein, Defendant Yocham Trucking was the owner of the dump truck involved in the collision.

29. Defendant Yocham Trucking is a motor carrier as defined by Title 47 of the Oklahoma Statutes and the Federal Motor Carrier Safety Act.

30. Pursuant to 47 O.S. §§ 169, 230.30 and the Federal Motor Carrier Safety Act, Defendant Yocham Trucking is liable for the injuries suffered by Plaintiff that resulted from the negligent operation of its dump truck being driven by Defendant Holmes.

31. Defendant Yocham Trucking owed a legal duty to Plaintiff, and the driving public-at-large, to maintain its commercial vehicles -- and to conduct their commercial trucking operations -- in a reasonably safe manner and in compliance with applicable safety laws and regulations.

32. Defendants breached the duty owed to Plaintiff, and the driving public-at large, by failing to comply with all applicable state and federal standards and regulations, including, but not limited to, Title 47 of the Oklahoma Statutes and the Federal Motor Carrier Safety Regulations, which were enacted to protect the public, including Plaintiff, from injury. Plaintiff's injuries were of the type intended to be prevented by these standards and regulations.

33. Defendants breach was the actual and proximate cause of Plaintiff's injuries and the damages alleged herein.

34. Defendants' violation of applicable safety laws, regulations and standards, as set forth herein, constitutes negligence *per se*.

35. As a result, Plaintiff has suffered personal injury, including medical expenses, mental and physical pain and suffering, permanent disfigurement and other actual damages in excess of One Million Three Hundred Dollars ($1,300,000.00).

## COUNT II. Negligent Hiring, Training, Supervision, Retention and Maintenance

36. Paragraphs 1 through 35 are incorporated herein by reference.

37. Defendant Yocham Trucking had a duty to train and supervise any and all employees and/or agents in the safe operation, transportation and operation of its dump truck and trailer.

38. At the time of the accident, Defendant Yocham Trucking knew or should have known that Defendant Holmes had a propensity to engage in unlawful conduct in the operation of dump truck equipment, like the type of dump truck and trailer involved in the subject accident.

39. By failing to adequately train and supervise Defendant Holmes, as well as retaining Defendant Holmes as an employee and/or agent of Defendant Yocham Trucking, Defendant Yocham Trucking breached the duty owed to Plaintiff and all other drivers on the road.

40. This breach was the actual and proximate cause of Plaintiff's injuries and the damages alleged herein. As a result, Plaintiff has suffered personal injury, including medical expenses, mental and physical pain and suffering, permanent disfigurement and other actual damages in excess of One Million Three Hundred Dollars ($1,300,000.00).

## COUNT III. Negligent Entrustment.

41. Paragraphs 1 through 40 are incorporated herein by reference.

42. Defendant Yocham Trucking owned the vehicle that Defendant Holmes was driving at the time of the accident.

43. Defendant Yocham Trucking allowed Defendant Holmes to operate the vehicle when the Defendant Yocham Trucking knew, or should have known, that Defendant Holmes was a careless, reckless, and incompetent driver.

44. Plaintiff incurred a loss as a result of this careless, reckless and incompetent behavior.

45. As a result, Plaintiff has suffered personal injury, including medical expenses, mental and physical pain and suffering, permanent disfigurement and other actual damages in excess of One Million Three Hundred Dollars ($1,300,000.00).

## COUNT IV. Punitive Damages (Relief)

46. Paragraphs 1 through 45 are incorporated herein by reference.

47. The willful, wanton, and reckless conduct of Defendants and utter indifference to the safety, health and well-being of Plaintiff, entitle Plaintiff to an award of exemplary damages under Oklahoma law. Furthermore, Defendants willfully, wantonly and recklessly failed to comply with applicable state and federal safety laws and regulations regarding the operation and use of its vehicle, and such actions or inactions were not only detrimental to Plaintiff, but to the public at large.

48. The acts of Defendant Yocham Trucking and its employees and/or agents were wrongful, culpable, and so egregious that punitive damages in a sum that exceeds One Million Three Hundred Dollars ($1,300,000.00) should be awarded against it to set an example to others similarly situated that such inexcusable conduct will not be tolerated in Our community.

WHEREFORE, premises considered, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of One Million Three Hundred Dollars ($1,300,000.00) with interest accruing from date of filing of suit, punitive damages in excess of One Million Three Hundred Dollars ($1,300,000.00), costs and all other relief deemed appropriate by this Court.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: March 18, 2022

Signature of Plaintiff: *[signature]*

Printed Name of Plaintiff: Natasha D. Webster

Respectfully submitted,

*[signature]*

NATASHA D. WEBSTER, B.S., EMBA
P.O. Box 521
Evans, GA 30809
101 Shadowood Dr.
Martinez, GA 30907
P: (747) 218-7831
Tasha.webster3@gmail.com