IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATASHA D. WEBSTER, an individual, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No.: 22-CIV-124-RAW ) |
| YOCHAM TRUCKING, INC., an Oklahoma Corporation; and DONNIE RAY HOLMES, an individual, | ) ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

Before the court is Plaintiff's Motion to Remand [Docket No. 12] and Defendant's Response [Docket No. 14]. Plaintiff is proceeding *pro se*, so the court construes her motion liberally. Furthermore, in determining a question of the propriety of removal, doubts should be resolved against jurisdiction.

Defendants are citizens of Oklahoma. Plaintiff is a citizen of Georgia. The "Forum Defendant Rule" 28 U.S.C. §1441(b)(2) provides that a case cannot be removed under diversity jurisdiction if any defendant is a citizen of the state in which the action is brought. Thus, because defendants are citizens of Oklahoma, removal based upon diversity jurisdiction is improper.

Defendants argue, however, that federal questions exist, and thus removal was proper in any event. This is a standard auto accident case. Plaintiff passingly mentions the Federal Motor Carriers Safety Act in her original petition filed in state court. This does not provide

support for federal jurisdiction. Notwithstanding this fact, defendants did not assert a federal question in their notice of removal. Subject matter jurisdiction does not exist.

Removal was improper. Accordingly, Plaintiff's Motion to Remand is granted and this case is hereby remanded to the district court of Wagoner County. The court declines to award attorneys fees or costs.

**IT IS SO ORDERED this 17th day of May, 2022.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**